28 C.C.P.A.(Patents)

## In re COOKE.

### Patent Appeal No. 4285.

Court of Customs and Patent Appeals.

Feb. 24, 1941.

750

Joseph H. Milans, of Washington, D. C., and Edmund Quincy Moses, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which affirmed the decision of the Primary Examiner in finally rejecting claims 9, 13 and 14 of appellant's application relating to a relief map. The invention involved in the application concerns a relief map wherein the differences in elevation are shown, not only by the usual features of contour but also by means of photographic indications which register with the surface features of the terrain and which represent with almost accurate detail the objects sought to be mapped.

Each of the three claims before us is an article claim, and while we are not concerned with the method of or apparatus for making the article, it may be helpful in understanding the contentions of appellant and some of the references involved to state, with as little detail as possible, the essential steps in making appellant's relief map, by which method he claims to have produced an article of unusual accuracy and merit. Appellant in his brief states:

"In distinction from the models of prior art, the models considered in the present invention are formed in agreement with data continuously covering the entire area surveyed. This may be done in various ways. One method consists in simultaneously projecting two aerial photographs taken from different position[s] and properly brought into registry so as to produce an optical or stereoscopic "plastic" image of the terrain, and then carving the relief under the projecting apparatus. * * *"

Elsewhere in his brief appellant states: "* * * For certain purposes it is highly desirable to produce on the relief model a photographic representation of the terrain, this being preferably done by coating the surface of the model with a sensitized emulsion, projecting a photograph on the surface, and then developing the emulsion so as to produce the photograph on the surface of and in coincidence with the model. * * *"

Originally, the examiner rejected claims 4 and 6 to 16, inclusive, and relied upon the following references:

Nicolai, 532,577, January 15, 1895.
Blanther, 473,901, May 3, 1892.
Nichols, 173,988, February 22, 1876.
Cooke, 1,980,981, November 20, 1934.
Corlett et al., 1,583,125, May 4, 1926.
Fairchild, 576,047, January 26, 1897.
Denkhoff, 1,480,198, January 8, 1924.
Wenschow, 1,393,255, October 11, 1921.

The examiner also relied on Ex parte Sweetland, 1922 C.D. 6.

After appeal to the board, the appellant filed affidavits concerning the alleged invention and discussed the prior art cited. Thereafter the board, under rule 138, remanded the case to the Primary Examiner for a report to it as to his conclusions thereon. The examiner withdrew the reference Cooke, which was a patent to the present applicant for the process of and apparatus for making the article involved in the instant application. The examiner found that the two cases presented two patentably distinct inventions, and that since the instant application was a division of the application which ripened into the patent, the patent was not available as a reference. Since the decision in Ex parte Sweetland, supra, was relied upon in connection with the right to consider Cooke as a reference, it went out of the case.

Upon reconsideration the examiner held that, in view of the affidavits filed, claims 4, 6, 8, 10, 15, 16 and 7 (when the latter was modified) were allowable. Claims 9, 11, 12, 13 and 14 were considered unpatentable over the art of record, eliminating the reference Cooke.

Before the board, appellant withdrew the appeal as to claims 11 and 12, which left claims 9, 13 and 14 for its consideration. The three claims involved read:

"9. A pictorial representation of actual terrain having a surface which corresponds at all points and in all relations of points in substantially exact quantitative manner in three dimensions with the form of the surface of the actual terrain represented in such pictorial representation."

"13. A three dimensional model of terrain having a definite scale relationship to said terrain in which the accuracy of correspondence with the form of said terrain is equally precise at all levels, whereby periodic variation of accuracy with height is avoided.

"14. Means for facilitating the study and measurement of an area of the earth's surface comprising a three-dimensional model of a portion of said surface conforming with substantial accuracy to said surface to known horizontal and vertical scales, whereby the spacial relationships of all objects represented may be determined by direct measurement of said model, the accuracy of said determined spacial relationships being independent of level or difference in level of said objects."

The material portion of the board's decision relating to claims 9, 13 and 14 reads as follows:

"The examiner has held that to give the Nicolai, Blanther, Wenschow or Nichols maps the photographic surface of Corlett et al., Denkhoff or Fairchild is lacking in invention.

"These claims are limited to a representation of actual terrain having a surface which corresponds at all points and in all relations in quantitative manner in three dimensions with the form of the surface of the actual terrain.

"Except for more detailed limitations, the patent to Blanther, for example, appears to comprise what is involved in these rejected claims. To have the contour of the representation in greater detail would be obviously desirable and to merely extend the representation to the more specific indications is considered not to amount to a patentable difference.

"Claim 9 which calls for a pictorial representation is apparently not limited to a photographic representation, as in the allowed claims, and is believed not to render the claim patentable over the art cited.

\*   \*   \*   \*   \*   \*

"The rejection is affirmed as to claims 9, 13 and 14."

It is very difficult, from an examination of the board's opinion, to know the exact grounds of its rejection of claim 9. It is true that it stated that the rejection of the examiner was affirmed. It should be noted that the examiner rejected all the claims in the application originally by stating: "It is held lacking in invention to give the Nicholai, Blanther, Wenschow, or Nichols maps the photographic surface of Cooke, Corlett, Denkhoff, or Fairchild. In so applying the references, the pictures of Denkhoff or Fairchild are considered to be the equivalent of pictures of terrain. What shall be represented, on what relative scales, and how accurately are matters, not of patentable invention, but at most of judicious choice of means to a desired end and mechanical skill in constructing the article."

The board set out the ground on which the examiner rejected all the claims, including those here on appeal, and then stated what apparently means that the appealed claims defined nothing inventive over Blanther and that claim 9 should be rejected because it calls for a pictorial representation instead of for a photographic representation as in the allowed claims, for instance claim 10. In view of this rather unusual situation, brought about by the failure of the board to apply and discuss the references in a more satisfactory manner, it is necessary for us to consider and discuss the references somewhat in detail.

The patents to Nicolai, Blanther and Nichols disclose three-dimensional maps. Corlett discloses the making of relief maps by photographing the terrain concerned. Fairchild and Denkhoff disclose photographs which show different elevations. Wenschow discloses embossed maps.

It is pointed out by the appellant that the prior art topographical maps such as Blanther's "show land form only at definite intervals of heights above sea level, and convey no information whatever as to the height or ground form of areas lying between the drawn contour lines." Appellant refers to Nicolai as teaching nothing more than covering a map like Blanther's model with a paper map. Wenschow, he states, discloses a way of forming a plastic bed for molding into a map one of the "rough pictorial types of maps." He states that it gives no disclosure as to how to produce an accurate relief map. He states that Corlett discloses a wholly "incorrect and inoperative method of making flat maps from aerial photo-

752

graphs and drawing contour lines on such flat maps or photographs."

Regardless of this contention, the Blanther map shows true elevations in a three-way dimensional relief model or map. It is true that in the spaces between the terraces or super-imposed levels in Blanther there is in no sense a representation of true levels. Wenschow discloses a way of forming a plastic bed for molding a map so as to indicate different heights or elevations, and while these elevations might not be as accurate as those obtained by the method of appellant, the method is not here involved. As before stated, it is old in the cited prior art to make pictorial representations of actual terrain as is called for by claim 9, and the remainder of claim 9, together with claims 13 and 14 merely call for a definite scale of relationship and for accuracy in the special relationships. It will be seen that there is a difference between appellant's article and those of the prior art. Obviously, there is a difference in the method of producing each of them. We are not here concerned with the method, and appellant has been allowed claims which we think fully cover the novel features of appellant's article.

As the case is presented to us, it seems to be the contention of appellant (and the Solicitor for the Patent Office has evidently so understood his contention) that the instant claims are patentable for the reason that the article itself more nearly approaches perfection in the objectives desired than do any of the articles disclosed in the prior art references. Appellant argues in effect that he is the first one to produce a three-dimensional relief map or model whereby the terrain is represented in such true and accurate manner that actual measurements, which are of great value in solving many different problems, can be made and relied upon. As we understand the decision of the board, it is to the effect that obtaining "more specific indications" and having the true contour of the representation in greater detail, although desirable, was not a matter which was patentable over the references.

It is our view that merely because appellant has succeeded in producing an article that is more perfect than any similar article shown in the cited prior art, it does not necessarily entitle him to a patent on the article. It may be that invention rests in certain novel features of the article, as is emphasized by some of the allowed claims, and it may also be that invention rests in the method of and apparatus for making the article, but surely it cannot rest alone in the degree of accuracy or perfection obtained by the employment of the method and apparatus. It is obvious that the perfection of such a map or model might rest largely in the work of a skilled workman in accurately molding and faithfully bringing out the true characteristics of the terrain. The involved claims do not call for any particular structure which constitutes a more accurate map or model, nor, as before stated, is there here involved any method of or apparatus for making it. Appellant here seeks a patent monopoly upon any map of the character involved, regardless of how it may be made.

Appellant has here stressed the fact that the claims on appeal are directed to the model without the photograph reproduced thereon. (It is not believed that claim 9 is limited to a model.) He calls attention to the fact that a model which has permanently photographed thereon the exact representation of the terrain has been regarded as patentable by the Patent Office in granting the allowed claims and from that standpoint argues that if the model when so photographed is patentable, the model itself, unphotographed, is also patentable, and attempts to point out the reasons why. We are not concerned here with the allowed claims. Whether they involve patentable subject matter is not a thing with which we are here concerned. It is our view that the instant claims, for the reasons stated, are unpatentable over the cited prior art. The claims at bar define no elements of structure but depend for patentability upon the superior degree of perfection of the article over those of the prior art, and it is our view that the tribunals below, notwithstanding the affidavits which were filed, correctly held that the claims define nothing inventive over the prior art cited, and the decision of the Board of Appeals, affirming that of the examiner in rejecting the appealed claims, is affirmed.

Affirmed.